IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WHITNEY CHASE,

    Plaintiff,

vs.                                                       CASE NO.: 4:24-CV-228-RH-MAF

FLORIDA FISH AND WILDLIFE
CONSERATION COMMISSION ,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Defendant, FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION ("FWCC"), by and through undersigned counsel, request this Court to dismiss Plaintiff's Amended Complaint. As grounds, Defendant, FWCC states that the pleadings, even as amended, fail to state claims upon which relief can be granted.

**Memorandum of Law**

Rule 12(b)(6) provides for dismissal of a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The pleading requirements direct that a complaint must give the defendant fair notice of what plaintiff claims and the grounds supporting said claims. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).

1

The Amended Complaint attempts to state claims under state and federal law of gender discrimination, unlawful retaliation, and an added claim of hostile work environment.

## FAILURE TO COMPLY WITH PLEADING REQUIREMENTS

The Amended Complaint is a shotgun pleading which "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland v Palm Beach Cty. Sheriff's Office 792 F. 3d 1313, 1323 (11th Cir. 2015).

The Amended Complaint contains 30 pages of allegations spread out over 88 paragraphs, but each of the three claims of relief simply blindly refer to all thirty pages of allegations as the basis for the claim. There is no effort to give adequate notice of the particular facts claimed against them for each count and the grounds for relief sought. The allegations fail to comply with the pleading requirements of Federal Rules of Civil Procedure, Rules 8 and 10.

## FAILURE TO STATE VALID CLAIMS FOR RELIEF

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), the United States Supreme Court set out the rule that although a complaint need not plead detailed factual allegations to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

The Court should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice …. (Rule 8) does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949-50.

The Eleventh Circuit has directed: "(i)n considering a Motion to Dismiss, a court should eliminate any legal conclusions contained in the Complaint, then determine whether the factual allegations, which are assumed to be true, give rise to relief." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1250 (11th Cir. 2010).

**PLAINTIFF'S GENDER DISCRIMINATION, HOSTILE ENVIROMENT AND RETALIATION CLAIMS MUST FAIL**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e2(a)(1). The analysis that governs Title VII actions is the same analysis that governs Section 760, Florida Statutes, Florida Civil Rights Act claims. See Albra v. Advan. Inc., 490 F. 3d 826, 834 (11th Cir. 2007). "[A] long-

3

standing rule of statutory construction in Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal action in the federal courts." State v. Jackson, 650 So. 2d 24, 27 (Fla. 1995). Further, "'[t]he FCRA is patterned after Title VII' and that 'federal case law on Title VII applies to FCRA claims.'" Guess v. City of Miramar, 889 So. 2d 840, 849 n. 2 (Fla. 4th DCA 2004). Therefore, Plaintiff's discrimination claims must be analyzed under the Title VII framework.

To establish a *prima facie* case of discrimination, a plaintiff must show that (1) she was a member of a protected class; (2) she was qualified to perform her job; (3) she was subjected to an adverse employment action; and (4) defendant treated similarly situated employees outside of plaintiff's class more favorably. Lubetsky v. Applied Card Systems, Inc., 296 F.3d 1301, 1305-06 (11th Cir. 2002).

Plaintiff claims that she was discriminated against based on her gender and suffered unlawful retaliation. In the Amended Complaint, despite 30 pages of allegations, Plaintiff fails to allege in a non-conclusory manner any adverse employment action or that similarly situated male employees were treated more favorably.

While Plaintiff alleges a demotion, she alleges she purposefully sought and accepted same for her own reasons while not under any threat of discipline.

4

Plaintiff's voluntary demotion from her position can only be an "adverse employment action" if she were constructively discharged.

Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces her to quit. Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009) (citations and quotations omitted). The employee must demonstrate that the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign. Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1363 (11th Cir. 1994). This is an objective standard, not based upon subjective perceptions.

The threshold for establishing constructive discharge is "quite high." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001).

A Plaintiff who voluntarily quits her job, absent a constructive discharge, has no viable discrimination or retaliation claim. If the Plaintiff believes her working conditions are intolerable and simply moves on, under law, she fails to exercise reasonable efforts to enable FWCC to address and rectify her concerns.

**PLAINTIFF'S CLAIMS OF UNLAWFUL RETALIATION MUST FAIL**

Retaliation claims are subject to the same burden-shifting framework as disparate treatment claims. A *prima facie* case of retaliation is established where a plaintiff can show: (1) she engaged in statutorily protected conduct; (2) she suffered

an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. See Bass v. Board of County Comm'rs, 256 F.3d 1095 (11th Cir. 2001).

As above, there is no allegation of an adverse employment action, nor of causal connection and this claim should also be dismissed, and Plaintiff's gender discrimination and retaliation claims must fail.

### PLAINTIFF FAILS TO STATE A CLAIM OF ABUSIVE OR HOSTILE ENVIRONMENT

To plead a hostile work environment claim, Plaintiff must allege (and support with plausible facts) that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002);

The severe-or-pervasive element ensures that a hostile work environment claim follows the text of Title VII. It makes actionable only a work environment sufficiently suffused with "intimidation, ridicule, and insult . . . to alter the conditions of the victim's employment." *Harris*, 510 U.S. at 21 (internal quotation marks

6

omitted). This standard does not require a plaintiff to suffer a "serious effect on [his] psychological well-being" nor even a "tangible effect[ ]" on his job performance before suing. *Id.* at 20, 22. But nor does it permit Title VII to operate as a "civility code for the American workplace." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998). Instead, it charts "a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." Harris, 510 U.S. at 21.

There are subjective and objective components in considering whether claimed conduct was severe or pervasive enough to alter the terms or conditions of employment and therefore create a hostile or abusive working environment. To be actionable, the harassment must result in an environment that a reasonable person would find hostile or an abusive environment that the Plaintiff subjectively perceives as abusive. Miller v. Kenworth of Dothan, Inc., 277 F. 3d 1276, 1300 (11th Cir. 2010).

The objective element is not subject to mathematical precision, but the Court can infer that an environment is abusive or hostile from the circumstances alleged. The Court should look to allegations such as the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it reasonable interfered with Plaintiff's work performance. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993).

Despite lengthy efforts, the allegations do not show actions by Defendant that taken as a whole satisfy this standard. The actions alleged are actions of a supervisor commenting on her work performance, encouraging Plaintiff to do her job better, and mere offensive utterances, not gender based severe and pervasive conduct. There are only conclusory allegations that the actions taken were based upon gender but there are no factual allegations supporting it. There are insufficient allegations of a hostile work environment based upon Plaintiff's race. As a result, this claim should be dismissed with prejudice.

The entirety of Plaintiff's "facts" amount to conclusory allegations and legal conclusions framed to appear as facts. As such, Plaintiff's Amended Complaint must be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety.

DATED this 15th day of July, 2024.

        THOMPSON, CRAWFORD, BROWN & SMILEY

        /s/ Thomas R. Thompson
        _____
        THOMAS R. THOMPSON, ESQUIRE
        Florida Bar No. 890596
        tom@tcslawfirm.net
        rebecca@tcslawfirm.net
        MALLORY B. BROWN, ESQUIRE
        Florida Bar No. 124039
        mallory@tcslawfirm.net
        1330 Thomasville Road
        Tallahassee, FL 32303
        (850) 386-5777
        Fax: (850) 386-8507
        ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic transmission to Marie Mattox, Esq. 15th day of July, 2024.

        /s/ Thomas R. Thompson
        _____
        THOMAS R. THOMPSON, ESQ.